JOSEPH R. DUNN (State Bar No. 238069)
jdunn@cov.com
JULIA PHILIPS ROTH (State Bar No. 324987)
jphilipsroth@cov.com
COVINGTON & BURLING LLP
1999 Avenue of the Stars
Los Angeles, California 90067-4643
Telephone: + 1 (424) 332-4800
Facsimile: + 1 (424) 332-4749

Counsel for Receiver
DAVID P. STAPLETON

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| U.S. BANK NATIONAL ASSOCIATION,<br><br>                    Plaintiff,<br><br>          vs.<br><br>TOUCHSTONE PISTACHIO COMPANY, LLC; FARSHID ASSEMI; FARID ASSEMI; DARIUS ASSEMI; NEEMA ASSEMI; MELISSA LAYNE; SONIA ROSEMARY ASSEMI; MARICOPA ORCHARDS, LLC; C&A FARMS, LLC; ACDF, LLC; CANTUA ORCHARDS, LLC; LINCOLN GRANTOR FARMS, LLC; PANOCHE PISTACHIOS, LLC; ADAMS GRANTOR LAND, LLC; GRANVILLE FARMS, LLC; SAGEBERRY FARMS, LLC; GRADON FARMS, LLC; MANNING AVENUE PISTACHIOS, LLC; ASSEMI AND SONS, INC.; WINSTON FARMS, LLC; FFGT FARMS, LLC; FAVIER RANCH, LLC; GRANTLAND FARMS, LLC; WHITESBRIDGE FARMS, LLC; ACAP FARMS, LLC; BEAR FLAG FARMS, LLC; COPPER AVENUE INVESTMENTS, LLC; WILLOW AVENUE INVESTMENTS, LLC; ASHLAN & HAYES INVESTMENTS, LLC; ASSEMI BROTHERS, LLC,<br><br>                    Defendants. | Case No. 2:24-mc-00144<br><br>**NOTICE OF APPOINTMENT OF RECEIVER PURSUANT TO 28 U.S.C. § 754** |

Receiver David P. Stapleton, by and through his undersigned counsel and in accordance with 28 U.S.C. § 754, hereby provides notice of his appointment as general receiver for Touchstone Pistachio Company, LLC in the action entitled *U.S. Bank National Association v. Touchstone Pistachio Company, LLC, et al.*, Case No. 24-01105, pending in the United States District Court for the Eastern District of California (the "Receivership Action").  Attached hereto are true and correct copies of the following documents filed in the Receivership Action:

**Exhibit 1:**   *Stipulation and Order on Motion for Order Appointing Receiver* [Dkt. 32]

**Exhibit 2:**   *Complaint for Breach of Credit Agreement, Breach of Guaranty Agreement, Breach of Forbearance Agreement, Judicial Foreclosure, Specific Performance, Appointment of Receiver, Replevin, and Injunctive Relief* [Dkt. 1]

DATED: December 4, 2024                Respectfully submitted,

COVINGTON & BURLING LLP

By: */s/ Joseph R. Dunn*

Joseph R. Dunn (State Bar No. 238069)
jdunn@cov.com
Julia Philips Roth (State Bar No. 324987)
jphilipsroth@cov.com
COVINGTON & BURLING LLP
1999 Avenue of the Stars
Los Angeles, California 90067-4643
Telephone: + 1 (424) 332-4800
Facsimile: + 1 (424) 332-4749

Counsel for Receiver
DAVID P. STAPLETON

NOTICE OF APPOINTMENT OF RECEIVER PURSUANT TO 28 U.S.C. § 754

# EXHIBIT 1

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF CALIFORNIA**
**FRESNO DIVISION**

| | |
|---|---|
| U.S. BANK NATIONAL ASSOCIATION,<br><br>Plaintiff,<br><br>vs.<br><br>TOUCHSTONE PISTACHIO COMPANY, LLC; FARSHID ASSEMI; FARID ASSEMI; DARIUS ASSEMI; NEEMA ASSEMI; MELISSA LAYNE; SONIA ROSEMARY ASSEMI; MARICOPA ORCHARDS, LLC; C&A FARMS, LLC; ACDF, LLC; CANTUA ORCHARDS, LLC; LINCOLN GRANTOR FARMS, LLC; PANOCHE PISTACHIOS, LLC; ADAMS GRANTOR LAND, LLC; GRANVILLE FARMS, LLC; SAGEBERRY FARMS, LLC; GRADON FARMS, LLC; MANNING AVENUE PISTACHIOS, LLC; ASSEMI AND SONS, INC.; WINSTON FARMS, LLC; FFGT FARMS, LLC; FAVIER RANCH, LLC; GRANTLAND FARMS, LLC; WHITESBRIDGE FARMS, LLC; ACAP FARMS, LLC; BEAR FLAG FARMS, LLC; COPPER AVNEUE INVESETMENTS, LLC; WILLOW AVENUE INVESTMENTS, LLC; ASHLAN & HAYES INVESTMENTS, LLC; ASSEMI BROTHERS, LLC,<br><br>Defendants. | Case No. 1:24-cv-01105-KES-SKO<br><br>**STIPULATION AND ORDER ON MOTION FOR ORDER APPOINTING RECEIVER**<br><br><br>Action Filed : September 17, 2024 |

I hereby certify that the annexed instrument is a true and correct copy of the original on file in my office.
ATTEST: KEITH HOLLAND
Clerk, U. S. District Court
Eastern District of California
By_____
                              Deputy Clerk
Dated 11/5/24

1.      On September 17, 2024, Plaintiff U.S. BANK NATIONAL ASSOCIATION ("U.S. Bank") filed its Complaint for Breach of Credit Agreement, Breach of Guaranty Agreement, Breach of Forbearance Agreement, Judicial Foreclosure, Specific Performance, Appointment of Receiver, Replevin and Injunctive Relief (the "Complaint").

2.      The Complaint alleges causes of action against defendants TOUCHSTONE PISTACHIO COMPANY, LLC ("Touchstone"); FARSHID ASSEMI; FARID ASSEMI; DARIUS ASSEMI; NEEMA ASSEMI; MELISSA LAYNE; SONIA ROSEMARY ASSEMI; MARICOPA ORCHARDS, LLC; C&A FARMS, LLC; ACDF, LLC; CANTUA ORCHARDS, LLC; LINCOLN GRANTOR FARMS, LLC; PANOCHE PISTACHIOS, LLC; ADAMS GRANTOR LAND, LLC; GRANVILLE FARMS, LLC; SAGEBERRY FARMS, LLC; GRADON FARMS, LLC; MANNING AVENUE PISTACHIOS, LLC; ASSEMI AND SONS, INC.; WINSTON FARMS, LLC; FFGT FARMS, LLC; FAVIER RANCH, LLC; GRANTLAND FARMS, LLC; WHITESBRIDGE FARMS, LLC; ACAP FARMS, LLC; BEAR FLAG FARMS, LLC; COPPER AVNEUE INVESETMENTS, LLC (sic); WILLOW AVENUE INVESTMENTS, LLC; ASHLAN & HAYES INVESTMENTS, LLC; and ASSEMI BROTHERS, LLC.

3.      On September 20, 2024, Plaintiff U.S. Bank filed a *Ex Parte* Motion for Order Appointing Receiver, Temporary Restraining Order and Order to Show Cause why a Preliminary Injunction Should Not Issue (the "Receiver Motion") seeking to appoint David Stapleton as receiver of the assets of defendant TOUCHSTONE.

4.      On September 20, 2024, counsel for Defendants TOUCHSTONE, ACAP FARMS, LLC, ACDF, LLC, ADAMS GRANTOR LAND, LLC, ASSEMI AND SONS, INC., BEAR FLAG FARMS, LLC, C&A FARMS, LLC, CANTUA ORCHARDS, LLC, COPPER AVENUE INVESTMENTS, LLC (erroneously sued as COPPER AVNEUE INVESETMENTS, LLC), FFGT FARMS, LLC, FAVIER RANCH, LLC, GRADON FARMS, LLC, GRANTLAND FARMS, LLC, GRANVILLE FARMS, LLC, LINCOLN GRANTOR FARMS, LLC, MANNING AVENUE PISTACHIOS, LLC, MARICOPA ORCHARDS, LLC, PANOCHE PISTACHIOS, LLC, SAGEBERRY FARMS, LLC, WHITESBRIDGE FARMS, LLC, WILLOW AVENUE

INVESTMENTS, LLC, and WINSTON FARMS, LLC entered their appearance (the "Defendants"). At this time, none of the other named defendants in the Complaint have appeared.

5.      Defendants dispute the allegations in the Complaint. However, both U.S. Bank and Defendants recognize the value in minimizing the cost and uncertainty of litigation, as well as maximizing the value of the assets that are in dispute as a result of the Complaint.

6.      As such, without prejudice or waiver to any claim, defense or argument that U.S. Bank or Defendants may have with respect to the Complaint, U.S. Bank and Touchstone hereby stipulate to the appointment of a receiver pursuant to Federal Rules of Civil Procedure 66; Local Rule 231; and the Court's inherent equitable power to order the appointment of a receiver under federal law, subject to the terms and conditions set forth in the [Proposed] Order set forth below.

**IT IS SO STIPULATED.**

DATED September 27, 2024                    DAVIS WRIGHT TREMAINE LLP
                                           Mary H. Haas
                                           Joseph M. VanLeuven
                                           John D. Freed
                                           Matthew E. Ladew


                                           By:/s/John D. Freed_____
                                              John D. Freed

                                           Attorneys for Plaintiff
                                           U.S. BANK, National Association


DATED September 27, 2024                    MCDERMOTT WILL & EMERY LLP
                                           Michael S. Nadel


                                           By:/s/Michael S. Nadel_____
                                              Michael S. Nadel

                                           Attorneys for Defendants
                                           TOUCHSTONE PISTACHIO COMPANY,
                                           LLC; MARICOPA ORCHARDS, LLC;
                                           C&A FARMS, LLC; ACDF, LLC;
                                           CANTUA ORCHARDS, LLC; LINCOLN
                                           GRANTOR FARMS, LLC; PANOCHE
                                           PISTACHIOS, LLC; ADAMS GRANTOR
                                           LAND, LLC; GRANVILLE FARMS, LLC;

1  |  SAGEBERRY FARMS, LLC; GRADON
2  |  FARMS, LLC; MANNING AVENUE
   |  PISTACHIOS, LLC; ASSEMI AND SONS,
3  |  INC.; WINSTON FARMS, LLC; FFGT
   |  FARMS, LLC; FAVIER RANCH, LLC;
4  |  GRANTLAND FARMS, LLC;
   |  WHITESBRIDGE FARMS, LLC; ACAP
5  |  FARMS, LLC; BEAR FLAG FARMS,
   |  LLC; COPPER AVNEUE
6  |  INVESETMENTS, LLC; WILLOW
7  |  AVENUE INVESTMENTS, LLC,

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

STIPULATION AND ORDER ON MOTION FOR ORDER APPOINTING TEMPORARY RECEIVER
Case No.: 1:24-1105-KES-SKO

## [PROPOSED] ORDER

**The Court hereby FINDS as follows:**

A.     Appointment of a receiver is appropriate pursuant to Federal Rules of Civil Procedure 66; Local Rule 232; and the Court's inherent equitable power to order the appointment of a receiver under Federal law.

B.     David Stapleton is not interested in this action and is competent and qualified to act as receiver.

C.     Good cause exists for the appointment of a receiver in order to maximize the recovery to creditors through the orderly sale of the assets of defendant Touchstone, and collection of obligations owed to Touchstone.

D.     Good cause exists for the entry of a preliminary injunction restraining and enjoining Touchstone and its agents, partners, property managers, employees, assignees, successors, representatives, and all persons acting under and/or in concert with it from committing or permitting waste of the Receivership Property, including any misuse of cash from the operations of Touchstone that are part of the Receivership Property; from removing, transferring, encumbering, or otherwise disposing of the Receivership Property; and from interfering with the receiver in the discharge of the Receiver's duties.

Having found the foregoing,

**IT IS ORDERED:**

1.     David Stapleton (the "**Receiver**") is appointed as a general receiver in this action.

2.     The Receiver is awarded exclusive possession and control over the "**Receivership Property,**" defined as follows:

       a.   The "**Collateral**," as pledged and defined by Section 1 of the Security Agreement attached as Exhibit 3 to the September 20, 2024 Declaration of Karen Boyer in Support of U.S. Bank National Association's Ex Parte Motion for Order Appointing Receiver, Etc. (the "Boyer Declaration");

       b.   The "**Trust Estate**" as set forth in the Deed of Trust, Assignment of Rents, Security Agreement and Fixture Filing attached as Exhibit 4 to the Boyer

Declaration, including the personal property described therein (the

"**Personal Property**"), and Touchstone's real property located at 19570

Ave. 88, Terra Bella, CA 93270, APN 319-130-022, as legally described in

Exhibit A, in Exhibit 4 to the Boyer Declaration (the "**Real Property**");

and

c.  All rights, entitlements, leases, interests, contracts, contracts for sale, and

business affairs associated with and relating to the Collateral, Personal

Property or Real Property.

3.      Until further order of the Court, the Receivership Property and any disputes related

to the Receivership Property shall remain under this Court's exclusive jurisdiction.

4.      The Receiver shall not be subject to the control of any of the parties to this matter,

but shall be subject only to the Court's direction in the fulfillment of the Receiver's duties.

**<u>Power and Duties of the Receiver</u>**

The Receiver shall have the following authority, powers and duties:

1.      During the pendency of the receivership, the Receiver is authorized and directed to

take possession of, manage, control and collect all present and future Receivership Property,

wherever located (including such Receivership Property as may be in the possession or control of

third parties).  In the course of liquidating and collecting the Receivership Property, the Receiver

is authorized to conduct limited operations of the Receivership Property if, in his business

judgment, the benefit of such operations would exceed the cost.

2.      The Receiver shall have exclusive right to possession of the Receivership Property

and may (in accordance with applicable state law) enter any other property where the

Receivership Property may be located in order to recover such Receivership Property.

3.      The Receiver is authorized to sell or otherwise liquidate or dispose of any or all of

the Receivership Property by public or private sale or such other method as deemed appropriate

by the Receiver exercising business judgment.  All sales of Receivership Property shall be "as is"

and "with all faults," free and clear of liens, claims and encumbrances, without representations or

warranties and without recourse.  Subject to the foregoing,

STIPULATION AND ORDER ON MOTION FOR ORDER APPOINTING TEMPORARY RECEIVER
Case No.: 1:24-1105-KES-SKO

a.     The Receiver is authorized to employ a marketing agent to list and market from time-to-time any or all of the Receivership Property, in whole or in part, and to enter into such agreements to sell any portion of the Receivership Property on a contingency commission arrangement based on the close of any such sale, provided that each such agreement, the sale price, the commission, and the sale procedures to be employed shall be as authorized by and subject to the terms, covenants, and conditions contained in the Loan Agreements and Terra Bella DOT (as those terms are defined in Plaintiff's complaint), shall be subject to Plaintiff's prior written consent, which may be given or withheld in the exercise of Plaintiff's sole opinion and judgment, and shall be subject to approval and confirmation by this Court.  The Receiver is excused from effectuating the sale of any receivership Property in accordance with California Code of Civil Procedure § 568.5 and/or the provisions of the Enforcement of Judgments Act, and the Receiver may employ such sale procedures that the Receiver decides to employ in the exercise of the Receiver's discretion. Plaintiff and Defendants shall be kept apprised of the Receiver's efforts to market and sell the Receivership Property.  The Receiver is further authorized to retain other professionals that the Receiver determines in his reasonable discretion to be necessary to effectively market and sell the Property including, but not limited to, real estate appraisers, environmental consultants, and development consultants.  All real estate broker fees to be paid in connection with the Receiver's sale of the Property are subject to the prior approval of Plaintiff and this Court.  Sales of Real Property shall be in accordance with 28 U.S.C. § 2001;

b.     Except as ordered by the Court after notice and a hearing, all sales of Real Property shall be subject to the express written approval of U.S. Bank;

c.     The Receiver may conduct such sales of Touchstone's inventory as the Receiver may deem prudent in the ordinary course of Touchstone's business;

d.     The Receiver may sell equipment and other personal property Collateral at one or more commercially reasonable, professionally conducted auctions without any requirement to obtain an appraisal of such Collateral or Court order confirming such sales; and

e.     The  Receiver may sell inventory, equipment and other personal property Collateral outside the ordinary course of Touchstone's business with an aggregate price not more

STIPULATION AND ORDER ON MOTION FOR ORDER APPOINTING TEMPORARY RECEIVER
Case No.: 1:24-1105-KES-SKO

than $150,000 to any one buyer, without further order of the Court, upon prior written approval from Plaintiff.

4.  The Receiver may contract for, hire and terminate agents, employees, appraisers, guards, clerks, accountants, liquidators, auctioneers, attorneys and management companies and consultants without cause, to administer the Receivership Property, assist the Receiver in his duties, and to protect the Receivership Property as the Receiver deems necessary; purchase insurance, materials, supplies and services and pay therefore at the usual rate and prices out of funds that shall come into the Receiver's possession; pay the reasonable value of said services out of the proceeds of the estate; and no risk or obligation incurred by said Receiver shall be the personal risk or obligation of the Receiver, but shall be the risk or obligation of the Receivership Property, subject to applicable federal law.

5.  The Receiver may engage a locksmith for the purposes of gaining entry to any of the Receivership Property through any security system, in order to obtain any property or documents to which the Receiver is entitled pursuant to this Order.  The Receiver may have locks or security codes changed, or have keys created that will work for the existing locks.  The Receiver may obtain unfettered access to any electronic systems and/or accounts owned by Touchstone ("Electronic Accounts"); provided however, that for the avoidance of doubt, electronic systems and/or accounts owned by other Defendants or affiliates of Touchstone shall not be considered Electronic Accounts.  Touchstone shall provide, or shall direct its agents, partners, property managers, employees, assignees, successors, representatives, and all persons acting under and/or in concert with it to provide, the Receiver with any all means of accessing the Electronic Accounts, including but not limited to usernames, passwords, credentials, and/or the answers to challenge questions.

6.  The Receiver may demand, collect, and receive all receipts, rents, profits, monies, security deposits, advance deposits, funds and payments arising from the Receivership Property, as a whole or as to any and all improvements thereon, and take all actions necessary or appropriate in furtherance thereof, including commencing any court actions, lawsuits, or other proceedings deemed appropriate by the Receiver in order to protect Receivership Property.

STIPULATION AND ORDER ON MOTION FOR ORDER APPOINTING TEMPORARY RECEIVER
Case No.: 1:24-1105-KES-SKO

7.      The Receiver may take any and all steps necessary to receive, collect and review all mail and deliveries addressed to Touchstone and any post office boxes held in the name of Touchstone and, at the Receiver's discretion, to instruct the U.S. Postmaster to re-route, hold, and or release said mail to the Receiver.  Mail reviewed by the Receiver in the performance of duties will promptly be made available for inspection to Touchstone after review by the Receiver.

8.      The Receiver may take possession of all of Touchstone's bank accounts and chattel paper that pertain to the Receivership Property wherever located and receive possession of any money on deposit in said bank accounts.  The subject bank is discharged from further responsibility for accounting to Touchstone for funds for which the Receiver has given a receipt.

9.      The Receiver may establish bank accounts at any bank the Receiver deems appropriate for the deposit of monies and funds collected and received in connection with the administration of the Receivership Property, provided that all funds on deposit are insured by an agency of the United States government.  Touchstone shall provide the Receiver within 48 hours of the Receiver's request all information, documentation and signatures required by any bank or other financial institution to open or maintain any accounts as provided under this Order.

10.     Upon presentation of a conformed copy of this Order to any third party, including but not limited to banks or depositories owing performance of any obligation or duty to Touchstone with respect to the Receivership Property, such third parties shall render any performance or duties with respect to the Receivership Property directly to the Receiver.

11.     The Receiver may seek discovery of any books and records of Touchstone's affiliates or other persons or entities that the Receiver deems necessary or desirable to carry out the Receiver's duties, including the books and records of Assemi Group, Inc. ("**AGI**") concerning or related to Touchstone.

12.     The Receiver shall execute and prepare all documents and perform all acts, including entering into contracts, operating licenses, or signing checks or initiating and processing electronic funds transfers either in the name of Touchstone, as it is applicable, or in the Receiver's own name, which are necessary or incidental to preserving, protecting, managing, controlling and/or liquidating the Receivership Property.

13.     The Receiver may compromise debts related to the Receivership Property and do all things and to incur the risks and obligations of similar businesses operating the Receivership Property.  Subject to applicable federal law, no risk or obligation incurred by the Receiver shall be at the personal risk or obligation of the Receiver, but shall be the risk or obligation of the Receivership Property.

14.     The Receiver may contact, and bring and prosecute all proper actions for collection from any debtor on the accounts receivable for the Receivership Property ("Accounts Receivable Debtors"), and advise them not to send further accounts receivable payments to Touchstone and instruct the Accounts Receivable Debtors to send any and all payments directly to the Receiver.

15.     **Net proceeds from sale of Receivership Property, and other money coming into possession of the Receiver and not expended for any of the purposes herein authorized, shall be held by said Receiver for the payment of the obligations of Touchstone to Plaintiff and other creditors, subject to such orders as the Court may hereinafter issue as to its disposition.**

16.     The Receiver may institute ancillary proceedings in this State or other states and countries, prosecute and tender all suits or insurance claims, and pursue all remedies available by law as is necessary to preserve and protect the Receivership Property and ensure compliance with the Receiver's authority. The Receiver may bring and prosecute all proper action for collection of payments, rent and lease payments due, if any, on the Receivership Property, as well as necessary actions and proceedings for the removal of tenants or lessees in default for any rental or lease agreement, or any other persons, from the Receivership Property, and may bring and prosecute all proper actions for the protection of the Receivership Property or recovery thereof.

17.     Receiver, as an agent of the Court, shall be entitled to the assistance of law enforcement officials when taking possession, or at any other time during the term of the Receivership, if in the opinion of Receiver, such assistance is necessary to preserve the peace and protect the Receivership Property, without further order from the Court.

18.     The Receiver may exclude any person or entity who does not have a lease or rental agreement from possession of the Receivership Property, or any portion thereof.

19.     The Receiver may assume, extend, or modify any pre-receivership contracts or agreements, including unexpired leases, relating to the Receivership Property, and/or reject such contracts in the Receiver's sole judgment and discretion.

20.     Unless otherwise ordered by the Court, the Receiver is not obligated to undertake, and will have no liability for any remediation or cleanup with respect to hazardous materials presently existing under, on or about the Real Property. The Receiver is authorized, in its sole discretion, to initiate environmental due diligence, inspections, or other environmental monitoring it initiates, and shall have no liability for any hazardous materials presently existing under, on or about the Real Property.

21.     The Receiver shall be under no obligation to complete or file tax returns on behalf of Defendants for income or other taxes arising before the date of this order.  The Receiver shall otherwise comply with all applicable laws and regulations relating to tax-reporting requirements. The Receiver shall furnish Defendants with such access to books and records within the Receiver's custody or control as reasonably may be necessary for Defendants to complete and file tax returns on their own behalf.

22.     The Receiver shall be entitled to utilize Touchstone's tax identification numbers in connection with any powers exercised pursuant to this Order or, at the Receiver's discretion obtain new tax identification numbers.

23.     Any utility company providing services to the Receivership Property, including gas, electricity, water, sewer, trash collection, telephone, cable, communications Wi-Fi, Internet, or similar services, shall be prohibited from discontinuing and prohibited from failing to comply with any request by the Receiver to, and are prohibited from refusing to, reinstitute service to the Receivership Property based any non-payment by Touchstone prior to the Receiver's appointment by the Court based upon unpaid bills incurred by Touchstone.  Further, such utilities shall transfer all rights to any deposits held by the utility company to the exclusive control of the Receiver and be prohibited from demanding that the Receiver deposit additional funds in advance to maintain or secure such services.  New accounts under the name of the Receivership may be established within 30 days, or the Receiver may continue to operate under Touchstone's accounts.

STIPULATION AND ORDER ON MOTION FOR ORDER APPOINTING TEMPORARY RECEIVER
Case No.: 1:24-1105-KES-SKO

24.      The Receiver may analyze the books, records, and files of (a) Touchstone and (b) on order of the Court, following notice to the affected party, those of AGI or other person or entity with respect to Touchstone, including bank account and accounting records to determine the sources and uses of cash, accounts, and asset sale proceeds, to investigate transfers of funds by or to Touchstone, and to engage in other forensic accounting as deemed appropriate to the Receiver.

25.      The Receiver, on order of the Court, following notice and a hearing, and on the conditions or terms that the Court considers just and proper, may abandon any Receivership Property that is burdensome to the Receiver or is of inconsequential value or benefit. Property that is abandoned shall no longer constitute Receivership Property.

26.      The Receiver, or any party to this action, may from time to time, and on due notice to all parties, make application to the Court for further orders instructing said Receiver or expanding the Receiver's authority.

### Receivership Expenses

27.      The Receiver shall charge the amount of $475 per hour for his services, subject to annual adjustment upon notice to the parties, plus expenses as set forth in Exhibit 2 to the September 20, 2024 Declaration of David Stapleton filed in support of the Receiver Motion, which is subject to annual adjustment upon notice to the parties.

28.      The Receiver shall pay the operating expenses of the Receivership Property from the income generated by the Receivership Property, and to the extent Receivership Property income is inadequate to pay the operating expenses, may borrow money from the "**Lenders**" described in Plaintiff's Complaint (such borrowings, the "**Receivership Advances**").

29.      The Lenders shall not be obligated to make Receivership Advances, but any such Receivership Advances shall be added to the obligations owed by Touchstone to the Lenders making said Receivership Advances. Receivership Advances shall bear interest at the rate provided under the Loan Agreements, and shall be paid to the extent of available Receivership Property no later than upon approval of the Receiver's final report and account. If there is insufficient Receivership Property to repay the Receivership Advances in full, Touchstone and the

1  defendant Guarantors shall have sole liability to repay such deficiency and, and the Receiver shall

2  have no liability to repay such deficiency.

3      30.    The Receiver may issue to Plaintiff, as Collateral Agent for the Lenders, Receiver's

4  Certificates to evidence Receivership Advances, with such Receiver's Certificates to be liens

5  against the Receivership Property that have priority over all other liens, interests and claims

6  against the Receivership Property on a priority repayment basis, except for fees and costs

7  approved under Paragraph 32.  The original Certificates shall be delivered to Plaintiff, to be filed

8  and/or recorded in Plaintiff's discretion.

9      31.    Within 30 days following entry of this Order, the Receiver shall prepare an

10  operating budget for the receivership (the "**Budget**") and submit it to Plaintiff for approval, which

11  must include all anticipated fees, expenses, and disbursements of the Receivership Property.

12      32.    The Receiver is authorized to make payment for any bond, fees and costs, and for

13  the Receiver's fees and fees and costs of professionals, by filing a notice of intent to compensate

14  professionals and serving such notice, together with a reasonably detailed description of the time

15  periods, services and amount requested, on the parties or their counsel, if applicable, creditors

16  having liens, security interests or other interests on or in the Receivership Property, and anyone

17  else filing an appearance in this case.  If no party in interest objects to such notice within 10

18  calendar days of its filing and service, the fees and costs shall be deemed approved as being fully

19  and finally earned without further order or leave of the Court.  If a party objects, the party will

20  serve a written objection on the Receiver stating the nature and scope of the objection.  Upon

21  receipt of an objection, the Receiver and the objecting party must first attempt to resolve the

22  objection through negotiation.  If the objection cannot be so resolved, the objecting party may file

23  its objection in Court within 7 days after the date of the objection.  Unless otherwise agreed by the

24  Receiver, any objection not filed within 7 days after the date of service of the objection is deemed

25  waived.  Only those portions of the fees and costs that are the subject of a timely objection will be

26  withheld from payment until the objection is resolved, and all other portions of the fees and costs

27  will be deemed approved without further order or leave of the Court.  The approved fees and costs

28  of the Receiver and its professionals shall be paid from the gross receipts derived from the

Receivership Property and shall be a first-priority lien on Receivership Property. If Receivership Property is not sufficient to pay the Receiver's fees and its professional's fees as presented, the Plaintiff shall advance funds to the Receiver sufficient to pay such approved fees and costs. Any such advance will be considered a Receivership Advance.

33.    The Receiver may employ a law firm as Receiver's legal counsel ("Receiver's Counsel") in this matter, as reasonably necessary to accomplish the purposes of this Order. Compensation to Receiver's Counsel shall be based on an hourly rate not to exceed $600.00 per hour, subject to annual adjustment upon notice to the parties. Receiver's Counsel shall be entitled to reimbursement of all reasonable costs and expenses incurred on behalf of the Receivership estate. The attorneys' fees and cost incurred by Receiver's Counsel may be included in the administrative costs and expenses to be paid to the Receiver in accordance with paragraph 32 of this Order.

34.    The Receiver may employ The Stapleton Group as Receiver's agent in this matter, as reasonably necessary to accomplish the purposes of this Order. Compensation to The Stapleton Group shall be based on the hourly rates and expenses as set forth in Exhibit 2 to the Declaration of David Stapleton, subject to annual adjustment upon notice to the parties. The Stapleton Group shall be entitled to reimbursement of all reasonable costs and expenses incurred on behalf of the Receivership Property. The reasonable fees and costs incurred by The Stapleton Group may be included in the administrative costs and expenses to be paid to the Receiver as set forth in Paragraph 32.

### Financial Reporting

35.    To the extent feasible, the Receiver shall, within thirty (30) days of qualification hereunder, file in this action an inventory of all property of which the Receiver has taken possession pursuant to this Order and shall conduct periodic accountings thereafter.

36.    Beginning on the second Thursday following approval of the Budget and weekly thereafter, the Receiver shall provide the Plaintiff with weekly reporting regarding the Receivership Property's performance under the Budget, including a variance report with explanations for any negative variance on a line-item basis. The Receivership Advances

STIPULATION AND ORDER ON MOTION FOR ORDER APPOINTING TEMPORARY RECEIVER
Case No.: 1:24-1105-KES-SKO

authorized above shall be consistent with the Budget. Total disbursements for any particular

measurement period on an aggregate, accumulated, and rolling basis, shall not exceed any line

item in an approved budget by more than 10 percent of Budgeted amounts, without the written

consent of the Plaintiff. The Receiver and the Plaintiff may amend the Budget from time to time

by agreement.

37. The Receiver shall provide the Court, the parties or their counsel, if applicable, and

anyone else filing a notice of appearance in the case, monthly reports on the operations and

financial affairs of the Receivership Property (each, a "Report"). Each Report shall be due by the

last day of the subsequent month and shall include: (a) a balance sheet; (b) a statement of income

and expenses; (c) a cash flow statement; (d) a statement of accrued accounts receivable of the

receiver, with amounts considered uncollectable; (e) a statement of accounts payable of the

receiver, including professional fees; (f) Receivership Property sale progress reports; and (g) a

narrative summary of the operations, if any, of the Receivership Property. The Receiver's Report

shall also include a copy of any Receivership Certificates issued during the period covered by the

Report. The Receiver's first Report shall be a report of the first two months of operation.

38. If there is insufficient insurance coverage on the Receivership Property, the

Receiver shall have thirty (30) business days to procure said insurance on the Receivership

Property, provided the Receiver has funds available to do so, and during said period, the Receiver

shall not be personally responsible for claims arising or for the procurement of insurance. With

respect to any insurance coverage, the Receiver, and other parties with insurable interest, shall be

named as additional insureds on the policies for the period that the Receiver shall be in possession

of the Receivership Property. With respect to any property coverage in existence or obtained,

Plaintiff shall be named as the mortgagee and loss payee.

### Procedure for Notice and Hearing

39. To the extent this Order requires Court approval for any action herein, the Receiver

may file a notice of proposed action and proposed Order, with a seven-day response time. If no

party-in-interest files a written objection to the proposed action or form of Order within the

Response Time, the Receiver may submit such Order for entry by the Court, supported by a

STIPULATION AND ORDER ON MOTION FOR ORDER APPOINTING TEMPORARY RECEIVER
Case No.: 1:24-1105-KES-SKO

1  declaration attesting that no objections were filed.

**Effective Date**

3      40.    Appointment of the Receiver as the receiver is effective as of the date the Receiver

4  furnishes a bond from a court-approved surety in the sum of $50,000.

5      41.    Entry of this Order, countersigned by the Receiver, evidences the Receiver's

6  acceptance of its rights and duties hereunder and constitutes administration of any required oath

7  of office.

**Preliminary Injunction**

9      42.    Touchstone and its respective agents, partners, property managers, employees,

10  assignees, successors, representatives, members, managers, creditors, lessors, customers, tenants,

11  lienholders of Receivership Property, and other persons seeking to establish or enforce any claim,

12  right or interest against or on behalf of Touchstone, and all others acting for or on behalf of such

13  persons or acting under and/or in concert with them, including attorneys, trustees, agents, sheriffs,

14  constables, marshals and other officers and their deputies, and their respective attorneys, agents,

15  servants, and employees, excluding Plaintiff("Restrained Parties") are hereby preliminarily

16  enjoined as of  9/28/2024   at  6:55 p.m. as follows:

17          a.    Restrained Parties shall not interfere with the Receiver in the performance of

18                his duties, or commit or permit any waste of the Receivership Property.

19          b.    Restrained Parties shall not transfer any part of the Receivership Property,

20                including cash proceeds of operations, to any third party for any purpose other than

21                payment bona fide accounts payable to unaffiliated third parties of Touchstone for

22                its business operations.

23          c.    Restrained Parties shall not expend, disburse, transfer, assign, sell, convey,

24                devise, pledge, mortgage, create a security interest in, encumber, conceal, or in any

25                manner whatsoever deal in or dispose of the whole or any part of the Receivership

26                Property without prior Court order.

27          d.    Restrained Parties shall not commence, prosecute, continue or enforce any

28                suit or proceeding against Touchstone, except as such actions may be filed to toll

16

STIPULATION AND ORDER ON MOTION FOR ORDER APPOINTING TEMPORARY RECEIVER
Case No.: 1:24-1105-KES-SKO

any applicable statutes of limitations with respect to Receivership Property.

e.      Restrained Parties shall not commence, prosecute, continue or enter into any suit or proceeding in the name or on behalf of Touchstone with respect to property of the Receivership Property.

f.      Restrained Parties shall not accelerate the due date of any obligation or claimed obligation, enforce any lien upon, or take or attempt to take possession of, or retain possession of, any of the Receivership Property, or any property claimed by any of them or attempting to foreclose, forfeit, alter, or terminate any of Touchstone's interest in property, including, without limitation, the establishment, grant or perfection of any security interest, whether such acts are part of a judicial proceeding or otherwise with respect to the Receivership Property.

g.      Restrained Parties shall not use self-help or execute or issue, or cause the execution or issuance, of any court attachment, subpoena, replevin, execution or other process for the purpose of impounding or taking possession of or interfering with, or creating or enforcing a lien upon, any property, wheresoever located, owned by or in the possession of Touchstone or the Receiver appointed pursuant to this Order or any agent appointed by said Receiver with respect to Receivership Property; and

h.      Restrained Parties shall not do any act or thing whatsoever to interfere with the Receiver taking control, possession or management of property of the Receivership Property or any other property subject to this Receivership, or to in any way interfere with the Receiver, or to harass or interfere with the duties of the Receiver, or to interfere in any manner with the exclusive jurisdiction of this Court over the property and assets of the Receivership Estate, including refusing to turn over Receivership Property upon demand by the Receiver.  Provided, however, nothing in this paragraph shall prohibit any federal or state law enforcement or regulatory authority from commencing or prosecuting an action against the Receivership Estate with respect to Receivership Property.

STIPULATION AND ORDER ON MOTION FOR ORDER APPOINTING TEMPORARY RECEIVER
Case No.: 1:24-1105-KES-SKO

43.    The Restrained parties are hereby affirmatively required to provide full and immediate access to the Receiver of all books and records, including banking records and Electronic Accounts, of Touchstone and access to its bank accounts. Restrained Parties, by and through appropriate and knowledgeable persons employed by Touchstone, promptly shall respond to any and all inquiries from the Receiver as to operations. Restrained Parties shall provide the Receiver with all keys, access codes, passwords, usernames, security questions and answers, and credentials to access Touchstone's books and records, including Electronic Accounts.

**IT IS FURTHER ORDERED,**

1.    The Receiver Motion is withdrawn.

2.    Defendants have the right to apply to the Court for modification or dissolution of this Order according to the Local Rules for the United States District Court for the Eastern District of California.

IT IS SO ORDERED.

Dated:    __September 28, 2024__                    _____
                                                    UNITED STATES DISTRICT JUDGE

STIPULATION AND ORDER ON MOTION FOR ORDER APPOINTING TEMPORARY RECEIVER
Case No.: 1:24-1105-KES-SKO